13-4071-cv
Cayemittes v. City of New York Dep't of Hous. Pres. and Dev.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

------------------------------------------------------------
J. CLAUDEL CAYEMITTES,
*Plaintiff-Appellant,*

v.                                                          13-4071-cv

CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, MICHAEL BOSNICK, LUIZ ARAGON, WILLIAM CARBINE, JOHN GRIFFIN,
*Defendants-Appellees.*
------------------------------------------------------------

FOR APPELLANT:          J. Claudel Cayemittes, *pro se*, Queens Village, New York.

FOR APPELLEES:          Elizabeth I. Freedman, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*; George B. Daniels, *Judge*; Theodore H. Katz, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment dated September 30, 2013, and entered on the docket on October 2, 2013, is AFFIRMED.

Pro se plaintiff J. Claudel Cayemittes sued the City of New York Department of Housing Preservation and Development ("HPD") and certain of its employees for employment discrimination based on race, color, and national origin; retaliation; and intentional infliction of emotional distress. He now appeals from the dismissal of his employment discrimination claims, see 42 U.S.C. §§ 2000e et seq., and the award of summary judgment on his remaining claims. We review the challenged rulings de novo, see Jackson v. Fed. Express, 766 F.3d 189, 193−94 (2d Cir. 2014) (summary judgment); Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013) (dismissal), assuming the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the two district judges and the magistrate judge in their thorough opinions.

1.   Title VII Claims Against Individual Defendants

At the outset, we affirm the dismissal of all Title VII claims against defendants sued in their individual capacities because Title VII does not provide for individual liability. See Raspardo v. Carlone, 770 F.3d 97, 113 (2d Cir. 2014); Spiegel v. Schulmann, 604 F.3d

72, 79 (2d Cir. 2010). Nor can Cayemittes urge otherwise by invoking 42 U.S.C. §§ 1981 and 1983 for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (recognizing general rule that federal appellate court will not consider issue not passed on below); Beason v. United Techs. Corp., 337 F.3d 271, 274 (2d Cir. 2003); see also Alki Partners, L.P. v. Windhorst, 472 F. App'x 7, 9 (2d Cir. 2012) (summary order) (collecting cases recognizing that plaintiffs "cannot amend the complaint through an appellate brief").

2.      Claims of Discrimination Before February 5, 2008

We also affirm the dismissal of Cayemittes's discrimination claims pertaining to events predating February 5, 2008, as untimely. See Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000) (explaining that "[t]o sustain a claim for unlawful discrimination under Title VII" in New York, plaintiff "must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts"). Cayemittes's EEOC charge, dated November 12, 2008, was filed on November 24, 2008. Thus, all claims concerning acts occurring more than 300 days earlier, that is, before January 29, 2008, were untimely.[1]

Like the district court, we reject Cayemittes's continuing-violation argument. Even when we construe his complaint liberally, we conclude that he alleges, at best, isolated actions that are not actionable if time-barred, "even when they are related to acts alleged in timely filed charges." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101,

---

[1] Insofar as the district court treated February 5, 2008, as the applicable cut-off date, any calculation error was harmless because Cayemittes failed plausibly to allege any discriminatory acts between January 29, 2008, and February 5, 2008.

3

113 (2002) (holding "[e]ach discrete discriminatory act starts a new clock for charges alleging that act").

Further, Cayemittes neither diligently pursued these claims nor alleged any interference with his ability to so. Thus, the district court did not abuse its discretion in declining to apply equitable tolling. See id. (stating that equitable tolling applies sparingly); Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80−81 (2d Cir. 2003) (recognizing standard of review and stating that equitable tolling applies only where plaintiff is prevented in some "extraordinary way" from exercising his rights).

3.    Claims of Discrimination After January 29, 2008

For reasons stated by the district court, Cayemittes's claims of discrimination after January 29, 2008, were properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to allege facts admitting a plausible causal connection between his race, color, or national origin and the challenged employment action. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) (explaining that, to survive dismissal, plaintiff must plausibly allege that "race, color, religion, sex, or national origin was a motivating factor in the employment decision"); Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal where plaintiff "failed to plead any facts that would create an inference that any adverse action taken by any defendant was based upon her gender" (alterations and internal quotation marks omitted)).

Cayemittes's hostile work environment claim was also correctly dismissed because, as the district court recognized, the incidents complained of were not "sufficiently

4

continuous and concerted . . . to be deemed pervasive," Raspardo v. Carlone, 770 F.3d at 114 (internal quotation marks omitted), and no single incident was "of sufficient severity" as to "alter the terms and conditions of employment" by creating a hostile work environment, Patterson v. Cty. of Oneida, 375 F.3d 206, 227 (2d Cir. 2004).

4. Retaliation Claim

In challenging summary judgment on his retaliation claim, Cayemittes maintains that there is a genuine issue of fact as to whether his September 2008 transfer to the Division of Alternative Management Program ("DAMP") constituted retaliation for his April 10, 2008 filing of an internal complaint with HPD's Office of Equal Employment Opportunity ("EEO").

To establish a prima facie case of retaliation, a plaintiff must show (1) his participation in protected activity, (2) defendant's knowledge of the activity, (3) adverse employment action, and (4) a causal connection between the protected activity and the adverse employment action. See Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). After an independent review of the record, we conclude, for substantially the reasons stated by the district court, that Cayemittes's claim fails at the causation step of analysis in light of evidence that his transferring of departments was contemplated as early as October 2007, when Cayemittes complained about reassignment to the Director of Special Projects. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001) (explaining that "inference of retaliation does not arise" where "gradual adverse job actions began well before the plaintiff had ever engaged in any

5

protected activity"). Between October 2007 and the April 2008 EEO filing, Cayemittes and defendant Carbine discussed a variety of transfer options, including a transfer to DAMP. On this record, no reasonable factfinder could conclude that Cayemittes was transferred to DAMP in retaliation for his April 10, 2008 filing, and summary judgment was correctly awarded to HPD.

5.    Conclusion

We have considered all of Cayemittes's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court